IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO. 1:14CR56-LG-JCG

MICHAEL R. WATSON, LEO L. CRAVEN,
and ANDREW HARVEY, II

## ORDER DENYING MOTION FOR SEVERANCE

**BEFORE THE COURT** is the Motion for Severance [55] filed by the defendant, Andrew Harvey, II.  The Government has filed a response in opposition to the Motion.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Severance should be denied.

## FACTS

On August 19, 2014, Michael Watson, Leo Craven, and Andrew Harvey were charged with conspiracy to commit the following offenses: willful engagement in a firearms business without a license, possession of stolen firearms, possession of a firearm with an altered or obliterated serial number, receipt or possession of an unregistered firearm, and transfer of an unregistered firearm.  They were also indicted for conspiracy to possess with intent to distribute controlled substances.  All three defendants were further charged with knowingly possessing a stolen firearm and knowingly and intentionally possessing and intending to distribute hydrocodone.  Harvey was individually charged with engaging in the business of selling firearms without a license.  Approximately fourteen other charges were filed against only

Watson and/or Craven.

Harvey has filed a Motion for Severance pursuant to Fed. R. Crim. P. 14, asserting that he would be substantially prejudiced by a joint trial. He claims that his defense would be tainted by the "spillover effect" of the government's evidence against his co-defendants, because the majority of the evidence and charges relate to Watson and Craven. Harvey also argues that he would be deprived of a co-defendant's testimony if a severance is not ordered. Finally, he asserts that the jury would be confused by "the defendants' significantly differing defenses," as his co-defendants' defenses are irreconcilable or mutually exclusive of his defense. (Def.'s Mot. at 2, ECF No. 55).

## DISCUSSION

A severance should only be granted if the defendant proves that "there is a serious risk that a joint trial would compromise a special trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007). "There is a preference in the federal system for joint trials of defendants who are indicted together, particularly in conspiracy cases." *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007). The Court will consider each of Harvey's alleged justifications for severance separately.

**A. Disparity of Evidence and the "Spillover Effect"**

"[S]everance is required on the basis of a disparity in the evidence only in the most *extreme* cases." *United States v. Owens*, 683 F.3d 93, 100 (5th Cir. 2012).

Moreover, the potential for a "spillover effect" of evidence presented against co-defendants is an insufficient ground, in and of itself, for severance, because the danger of this effect can be cured by instructing the jury that the case and evidence presented against each defendant should be considered separately. *Id.* at 98.

Harvey argues that only five of the nineteen charges in the indictment were filed against him. Furthermore, he claims he is referenced in only approximately 20 out of 470 pages of discovery and 20 minutes out of 12 hours of audio and video recordings. He also asserts that the co-defendants participated in the alleged conspiracy at issue for a much longer period of time than he did.

The Court finds that the alleged disparity of evidence in this case is not sufficient to warrant severance, particularly since two conspiracy charges have been filed against Harvey and his co-defendants. Any spillover or confusion can be cured with limiting jury instructions.

**B. Necessity of Testimony from a Co-Defendant**

In order to obtain a severance based on the need for a co-defendant's testimony, Harvey must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the co-defendant's testimony; (3) the exculpatory effect of the testimony; and (4) an indication that the co-defendant would testify if the trial were severed. *Owens*, 683 F.3d at 99. "Under that test, without an affidavit from the co-defendant himself or other similar proof, conclusory allegations that a co-defendant would testify and what he or she would testify about [are] not sufficient." *Nguyen*, 493 F.3d at 625.

Harvey has not provided an affidavit from his co-defendant. In fact, he has not

identified which co-defendant would testify on his behalf. Harvey merely states that he "anticipates that one of the co-defendants would testify that Harvey was never involved with a conspiracy to sell controlled substances." (Def.'s Mot. at 4, ECF No. 55). This conclusory assertion is insufficient to warrant severance under Fifth Circuit precedent.

**C. Irreconcilable or Mutually Exclusive Defenses**

The Fifth Circuit has explained:

> Co-defendants are entitled to severance when they demonstrate antagonistic defenses . . . . The test for antagonistic defenses requires that the defenses be irreconcilable or mutually exclusive: the jury, in order to believe one defendant's defense must necessarily disbelieve the antagonistic defense of another defendant . . . . In other words, the core of one defendant's defense must be contradicted by a co-defendant's defense.

*United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990) (internal citations omitted).

Harvey has not provided any information to the Court regarding the nature of his defense or his co-defendant's defenses, aside from his assertion that the defenses are irreconcilable or mutually exclusive. As a result, Harvey has not demonstrated that he is entitled to severance on this basis.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Severance [55] filed by the defendant, Andrew Harvey, II, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE