IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                   **CAUSE NO. 1:14cr56-LG-JCG**

**MICHAEL R. WATSON**

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [108] Motion for Compassionate Release filed by the defendant, Michael R. Watson.[1] The Government has filed a response in opposition to the Motion, and Watson has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Watson's Motion should be denied.

### BACKGROUND

On December 8, 2014, Watson pled guilty to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). He was sentenced to 120 months of imprisonment and 3 years of supervised release. He is currently serving his sentence at FPC Montgomery.

On May 1, 2020, Watson filed a *pro se* Motion for Compassionate Release with this Court. Watson claims that he "suffers from eczema and respiratory infections that increase the hazard of serious illness or death if he is infected with COVID-19." (Def.s Reply, at 22, ECF 111). He argues that he "is powerless to take

---

[1] The Motion was submitted to the Court in a one-page letter format. Thus, the Court has construed Watson's letter as a Motion for Compassionate Release.

the preventative self-care measures" because he "cannot self-quarantine or partake in 'social distancing' in his prison facility." *Id.* at 21. He also seeks home confinement because he is a nonviolent first-time offender. (Def.'s Mot., ECF 108). Watson claims that when his sister passed away last September, he was scared and realized that "prison is not [somewhere] I want to be." *Id.* He states that his son is his "meaning [and] purpose." *Id.* The Government opposes the Motion because it claims that Watson has not exhausted his administrative remedies. In the alternative, the Government argues that Watson has not demonstrated extraordinary and compelling reasons justifying release.

## DISCUSSION

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), (ii). However, a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A).

In an inmate's request for compassionate release to the Warden, the request must, at a minimum, contain the following information:

(1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.

> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a)(1)-(2). These requirements are laid out in BOP Program Statement 5050.50, which requires that "the Bureau ensure[] that all facilities regularly and visibly post . . . the procedures and timelines for initiating and resolving requests [under Section 3582(c)(1)(A)]." BOP Program Statement 5050.50, at 2 (citing 18 U.S.C. § 3582(d)(2)(C)). Therefore, all inmates should have notice of these requirements and know what information is necessary when making an initial request for compassionate release.

In the case before the Court, Watson has included with his Motion three emails. (*See* Def.'s Exhibit 4, ECF 113). The emails do not appear to be addressed to the Warden.[2] The emails also lack any "extraordinary or compelling circumstances" or a proposed plan as required by 28 C.F.R. § 571.61(a)(1)-(2). Thus, Watson's request is deficient, and the Court has no reason to believe that Watson lacks access to the procedures for submitting his request. *See* 18 U.S.C. § 3582(d)(2)(C). As a result, the 30-day exhaustion period did not begin with any of Watson's emails.

---

[2] The emails are addressed to "BHM Unit," "MOB Unit," and "AW Operations," respectively. (*See* Def.'s Exhibit 4, at 1-3, ECF 113).

The Court notes that all three emails reference Watson's paperwork for home confinement. This language seemingly hints that Watson may have previously submitted an initial request for compassionate release at some point. This Court has held that, absent proof of an initial request for compassionate release, a district court can credit a defendant's sworn declaration that he has submitted an initial request to the Warden as required under statute. *See United States v. Kennedy*, No. 1:18-cr-154, 2020 WL 3316993, at *2 (S.D. Miss. June 18, 2020); *see also United States v. Young*, No. CR19-5055, 2020 WL 2614745, at *2 (W.D. Wash. May 22, 2020); *United States v. Trent*, No. 16-cr-00178, 2020 WL 1812214, at *1 (N.D. Cal. April 9, 2020). Here, Watson notes that the "undersigned has been unable to determine whether Mr. Watson has made a formal request to the warden." (Def.'s Reply, at 6, ECF 111). Moreover, Watson makes no declaration that he actually submitted an initial request in the first place. *See Kennedy*, 2020 WL 3316993, at *2. The emails only mention 'paperwork for home confinement.' Thus, the Court must deny Watson's motion for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [108] Motion for Compassionate Release filed by the defendant, Michael R. Watson, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 13th day of July, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE